## SMITH v. MAXWELL.

(Circuit Court, N. D. New York. April 12, 1899.)

1. PATENTS—INVENTION—UNITING OLD DEVICES.
   In over-check guides for bridles, a closed loop with a friction roller was old, and an open loop without the roller was also old. *Held*, that there was no invention in merely uniting these two devices, so as to form an open loop with a friction roller.

2. SAME—LOOPS FOR BRIDLES.
   The Smith patent, No. 315,672, for an improvement in loops for bridles, is void for want of invention.

This was a suit in equity by George L. Smith, individually and as administrator, etc., against Harry B. Maxwell, for alleged infringement of a patent for improvement in bridles.

J. C. Clayton, for complainant.
Milton E. Robinson, for defendant.

COXE, District Judge. This is an equity action founded upon letters patent, No. 315,672, granted April 14, 1885, to George L. Smith for an improvement in loops for bridles. The patentee states that prior to the alleged invention over-check guides for bridles had been "formed with inwardly turned ends separated sufficiently to permit the rein to be inserted edgewise between them, yet not enough to permit the accidental escape of the rein, and closed loops have been provided with a closed loose sleeve or roller. These features, separately considered, are not therefore claimed by me."

The claim is as follows:

"The herein-described guide for check-reins, etc., consisting of uprights A A, having ends b b bent laterally toward each other, connecting-bar B, and loose sleeve or roller C."

On the face of the patent, therefore, what the patentee did was to unite two old features; that is, he united the open loop and the roller of the prior art.

Turning to the record the statements of the patent are verified and all the features of the patented device are shown in the patents to Dennis, Le Blond and Strong, respectively, the first named showing the roller in a closed loop and the other two the open loop without the roller. Any one who places the Dennis roller in the Strong or Le Blond guides, or who makes the Strong or Le Blond opening in the Dennis guide will produce the patented structure. The device is an exceedingly simple one and in view of the fact that both features clearly appear in the prior art it is thought that no patentable novelty can be predicated of their union. Bearing in mind what was well known before it was nothing but the work of the ordinary mechanic to place an antifriction roller in the old guide when greater freedom of movement was required.

The bill is dismissed.